

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 21, 1962

Hon. Mack Wallace
District Attorney
3rd Judicial District
Athens, Texas

Opinion No. 1478

Re: Whether the Shoplifting Act,
Article 1436e, V.P.C., re-
peals that portion of Arti-
cle 1426c, V.P.C., relating
to edible meats; whether
conviction for misdemeanor
theft constitutes grounds
for removal from office.

Dear Sir:

You have requested an opinion on whether the Shoplift-
ing Statute, Article 1436e, Vernon's Penal Code, repeals
that portion of Article 1426c, Vernon's Penal Code, relating
to edible meats.

The relevant portions of the statutes involved are as
follows:

Article 1436e, V.P.C., Shoplifting:

"Section 1. Any person while legally in
a retail business establishment as an invitee
or licensee who removes from its place, goods,
edible meat or other corporeal personal pro-
perty of any kind or character under the value
of Fifty Dollars ($50.00) kept, stored or dis-
played for sale with the intent to draudulently
take and to deprive the owner of the value of
the same and to appropriate the same to the use
and benefit of the person taking is guilty of
shoplifting. Altering of label or marking on
goods, edible meat or other corporeal personal
property or transferring same from one container
to another with intent to defraud the owner
also constitutes the crime of shoplifting."

"Section 6. All laws and parts of law in-
consistent or conflicting with this Act are
hereby expressly repealed.

"Section 7.  Where property is obtained
in such manner that the acquisition thereof
constitutes both shoplifting and some other
offense, the party thus offending shall be
amenable to prosecution at the state's elec-
tion for shoplifting or for such other of-
fense as may have been committed by him."

Article 1410, V.P.C., Theft defined:

"'Theft' is the fraudulent taking of
corporeal personal property belonging to
another from his possession, or from the
possession of some person holding the same
for him, without his consent, with intent
to deprive the owner of the value of the
same, and to appropriate it to the use or
benefit of the person taking."

Article 1426c, V.P.C., stealing wool, mohair, or edible meat
a felony:

"Whoever shall steal any wool or mohair
or edible meat, shall upon conviction, be
guilty of a felony, and shall be confined in
the penitentiary for not more than ten (10)
years, or shall be confined in jail for not
more than two (2) years, or shall be fined
not more than Two Hundred Dollars ($200), or
be punished by both such fine and imprison-
ment in jail."  (Emphasis added)

It is first important to note that Article 1426c is merely
a specific penalty provision of the ordinary theft statute,
Article 1410.  By virtue of the enactment of Article 1426c,
the Legislature has provided that regardless of the value, the
theft of edible meat is a felony.

An examination of Article 1436e and Article 1410 reveals
a difference in the essential elements of each offense.  First,
and most importantly, the Shoplifting Statute does not require
the element of want of consent essential to a prosecution un-
der ordinary theft.  Further, the Shoplifting Statute requires
that the person be on the retail business premises legally.
Obviously no such element is required under ordinary theft.

It is also observed that the shoplifting statute has recently been construed by the Court of Criminal Appeals. Those cases denote that the statute is constitutional when attacked on the grounds that there is no element of want of consent, or the words "steal" or "stolen" necessary under Article 1410. Sullivan v. State, 354 S.W.2d 168; Henderson v. State, No. 34,808, ____ S.W.2d ____ (not yet reported).

It is also important to note that while the Shoplifting Statute has been codified under Title 17, Chapter 8, there is nothing in the Act to show that the Legislature chose or directed that the Act appear there rather than elsewhere in the Penal Code.

Therefore, in view of the fact that shoplifting requires no element of want of consent but does require that the person be on the retail business establishment premises legally, no conflict is perceived which would operate to repeal Article 1426c relating to edible meat as the Shoplifting Statute has been construed to be an enactment by the Legislature of a particular offense separate and distinct from ordinary theft. Sullivan v. State, supra.

There being no conflict which would impair either statute's validity, the clear meaning of Section 7 would apply and the State has the right of election between offenses in a proper case.

You have also inquired if a conviction for misdemeanor theft against a Sheriff constitutes official misconduct in office which would work an immediate removal from office.

Article 5968, V.A.C.S., provides:

"All convictions by a petit jury of any county officers for any felony, or for any misdemeanor involving official misconduct, shall work an immediate removal from office of the officer so convicted. Each such judgment of conviction shall embody within it an order removing such officer."

Hon. Mack Wallace, Page 4 (WW-1478)

Article 5973, V.A.C.S., provides:

"By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

It is apparent from these articles that in order for misdemeanor theft to constitute official misconduct, it must have been committed under some color of office. The determination of whether or not such theft was committed in relation to the duties of office must, of course, be made from the facts of each particular case.

## S U M M A R Y

Article 1436e does not repeal that portion of Article 1426c relating to edible meats.

In order for a conviction for misdemeanor theft to constitute grounds for removal from office, such theft must amount to official misconduct.

Sincerely,

WILL WILSON
Attorney General of Texas

PAUL PHY
Assistant Attorney General

PP:nss

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Norman V. Suarez
Ben Harrison
Pat Bailey
Cecil Rotsch

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore